**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| DOBSON BROTHERS CONSTRUCTION COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 10-00459-CV-W-DGK |
| v. | ) ) ) | |
| RATLIFF, INC., and AMERICAN CONTRACTORS INDEMNITY COMPANY, | ) ) ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court are Defendants Ratliff, Inc. and American Contractors Indemnity Company's ("ACIC") Motions to dismiss[1] or, alternatively, to stay. Docs. 7, 14. The Court has reviewed these Motions in conjunction with Plaintiff Dobson Brothers Construction Company's Responses and ACIC's Reply. Docs. 11, 17, 12. For the reasons discussed below, Defendants' Motions are DENIED.

**Background**

On May 14, 2008, Plaintiff filed suit against Defendants in the United States District Court for the District of Nebraska, alleging breach of contract in relation to Ratliff's subcontract with Dobson Brothers. 4:08-CV-03103-RGK-CRZ (D. Neb.), Doc. 1.[2] On December 12, 2008, the Honorable Richard G. Kopf ordered granted Ratliff's Motion to compel arbitration with Dobson Brothers. D. Neb. Doc. 82. However, the parties were directed not arbitrate their disputes until further notice so that the Court could resolve Dobson's Motion to compel arbitration with ACIC and ACIC's Motion for judgment on the pleadings. *Id.*, D. Neb. Docs. 42,

---

[1] ACIC originally moved for dismissal pursuant to Rules 12(b)(4) and (5) for a lack of service. However, ACIC withdrew this argument after service was effected and service has also been effected on Ratliff. Docs. 12, 26.
[2] Hereinafter "D. Neb. Doc. ___."

67. On March 26, 2009, Judge Kopf denied the Motion to compel ACIC to arbitrate with Dobson Brothers, stayed the case, and granted Ratliff and Dobson Brothers permission to proceed to arbitration. D. Neb. Doc. 103. The Nebraska action is still pending.

After 11 days of hearings between November 2, 2009 and January 3, 2010, the parties submitted post-hearing briefs and proposed awards. The Arbitrator, Mr. Jerome V. Bales, found that Ratliff had

> "materially breached its contract with Dobson by failing to start its work on time (it began three weeks late and without justification), failing to progress its work per the agreed CPM schedule, failing to staff and equip the work properly, and failing to perform the work in a workmanlike manner."

Doc. 1-1 at 4. Mr. Bales awarded Dobson $555,813.96[3] in damages and further ordered Ratliff to pay Dobson $21,516 to cover his fees. *Id.* at 8. He denied "all aspects" of Ratliff's counterclaim. *Id.* On May 4, 2010, Plaintiff filed the instant case to confirm the arbitration award. Doc. 1.

**Discussion**

Defendants seek to stay this case in the interest of judicial economy and pursuant to the "first-filed" rule. *See Boatmen's First Nat. Bank of Kansas City v. Kansas Public Employees Retirement System,* 57 F.3d 638, 640 n.3 (8th Cir. 1995) ("The first-filed rule provides that, in a case of concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case.") (internal quotations omitted). *But see Smart v. Sunshine Potato Flakes, L.L.C.,* 307 F.3d 684, 687 (noting that this is only one of several factors to consider when determining which federal court should exercise jurisdiction over "cross motions to vacate and confirm the award in different district courts"). The rule should not be applied "rigid[ly],

---

[3] Plaintiff's Complaint asserts that Mr. Bales awarded it $1,703,960.44. Upon review of the decision, this calculation fails to include an offset of $1,148,146.48 for "Remaining Contract Value." Doc. 1-1 at 7. Considering that Plaintiff submitted this document simultaneously with its Complaint, the Court does not infer any intent to misrepresent the award.

2

mechanical[ly], or inflexbl[y]" and is intended to apply to cases dealing with "the same parties and issues." *Orthmann v. Apple River Campground, Inc.,* 765 F.2d 119, 121 (8th Cir. 1985). All the parties agree that venue is proper in this case. Since the issues between this case and the Nebraska action are not the same—this case is merely an application to confirm an arbitral award, whereas the Nebraska action deals with the underlying substantive contract questions—the first-filed rule is inapplicable. Venue would also be proper in Nebraska. *See Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.,* 529 U.S. 193, 202 (2000) (noting that a court with the power to stay an action for arbitration has the power to confirm an award). However, declining to exercise statutory jurisdiction would deprive Plaintiff of an admittedly proper forum, forcing it to refile this application in the District of Nebraska. Such a ruling is not in the interest of judicial economy. Accordingly, Defendants' Motions are DENIED.

**IT IS SO ORDERED**

Dated: September 3, 2010 /s/ Greg Kays
GREG KAYS
UNITED STATES DISTRICT JUDGE