# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| DOBSON BROTHERS CONSTRUCTION COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 10-00459-CV-W-DGK |
| v. | ) ) ) | |
| RATLIFF, INC., | ) ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Plaintiff Dobson Brothers Construction Company's application to confirm an arbitration award pursuant to 9 U.S.C. §§ 6, 9. Doc. 1. Defendant Ratliff, Inc has answered. Doc. 20. For the reasons discussed herein, Plaintiff's application is GRANTED.

## Background

Following Plaintiff's lawsuit related to a construction dispute against Defendant in the District of Nebraska, the parties were ordered to arbitration, which took place in Kansas City, Missouri on 11 days between November 2, 2009 and January 3, 2010. The arbitrator found that Ratliff had

> "materially breached its contract with Dobson by failing to start its work on time (it began three weeks late and without justification), failing to progress its work per the agreed CPM schedule, failing to staff and equip the work properly, and failing to perform the work in a workmanlike manner."

Doc. 1-1 at 4. The arbitrator awarded Dobson $555,813.96 in damages and further ordered Ratliff to pay Dobson $21,516 to cover his fees. *Id.* at 8. He denied "all aspects" of Ratliff's counterclaim. *Id.* Plaintiff then filed this action to confirm the arbitration award. Doc. 1.

**Standard**

Under the Federal Arbitration Act ("FAA"), a party may file for the confirmation of an arbitration award within a year of the award. 9 U.S.C. § 9. Unless the award is vacated for any of the four reasons set out in section 10 or modified or corrected for any of the three reasons set out in section 11, "court must grant such an order…" *Id. See also Hall Street Assoc., L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 584 (2008) ("We now hold that §§ 10 and 11 respectively provide the FAA's exclusive grounds for expedited vacatur and modification."). Clearly, this is an extremely deferential standard of review. The Court may not reconsider the facts "even when the parties allege that the award rests on factual errors or on a misinterpretation of the underlying contract." *Medicine Shoppe Intern., Inc. v. Turner Investments, Inc.,* 614 F.3d 485, 488 (8th Cir. 2010). "The bottom line is we will confirm the arbitrator's award even if we are convinced that the arbitrator committed serious error, so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." *Id.* (quoting *McGrann v. First Albany Corp.,* 424 F.3d 743, 748 (8th Cir. 2005)).

**Discussion**

Ratliff has not pled any statutory basis for vacatur, modification or correction of the arbitration award. Dobson's application was filed within a year of the award in the judicial district in which the award was made. Ratliff admits that the parties proceeded to arbitration and that the stated award was issued. Doc. 20 at ¶¶ 1-5. Accordingly, the Court has no choice but to confirm this award. Plaintiff's application to confirm the arbitration award is hereby GRANTED. Plaintiff is awarded $555,813.96 in damages and $21,516 in arbitration fees. The arbitration agreement and award having already been filed in accordance with 9 U.S.C. § 13, a clerk's judgment shall issue directly.

**IT IS SO ORDERED**

Dated: February 10, 2011     /s/ Greg Kays
                             GREG KAYS
                             UNITED STATES DISTRICT JUDGE